IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>v.<br><br>SCHAHIN HOLDING S.A, SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC, BLACK GOLD DRILLING LLC, BAERFIELD DRILLING LLC AND SORATU DRILLING LLC,<br>    Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case<br><br>Protective Oder |
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>v.<br><br>BAERFIELD DRILLING LLC,<br><br>    Respondent. | 13 Civ. 4932 (JSR)<br>ECF Case |
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>v.<br><br>SORATU DRILLING LLC,<br><br>    Respondent. | 13 Civ. 4933 (JSR)<br>ECF Case |

USDC SDNY
DOC[...]
EL[...] FILED
DOC[...]
DATE FILED: 8-21-13

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing these actions, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to these actions, their representatives, agents, experts and consultants, all third parties providing discovery in these actions, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. In the case of electronically stored information that is produced in electronic or video form, the producing person or that person's counsel may designate such material as "Confidential" by cover letter referring generally to such matter and by affixing, where possible, a label on the electronically stored information or its casing or container(s) indicating such designation. A producing party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before designation, all of the material made available for inspection shall be deemed "Confidential". With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to these actions;

(b) counsel retained specifically for these actions, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in these actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with these actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in these actions; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material shall be used solely in connection with these three proceedings and shall not be used for any other purposes including, without limitation, any business or commercial purposes. Notwithstanding the foregoing, (i) access to or knowledge of any Confidential Discovery Material shall not impair the right or ability of any party or its counsel from consulting with counsel in other proceedings on matters or strategy or tactics so long as the contents of such Confidential Discovery Material is not disclosed; and (ii) any party may at any time make an application to seek Confidential Discovery Material in aid of an arbitration or proceeding pending in another venue or court.

8. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with these litigations, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of these litigations. Within 30 days of the final disposition of these actions, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: August 20, 2013

LINKLATERS LLP

By: _____
Paul S. Hessler
Patrick C. Ashby
1345 Avenue of the Americas,
New York, NY 10105
(212) 903-9000

Counsel for Schahin Engenharia S.A., Black Gold Drilling LLC, Baerfield Drilling LLC and Soratu Drilling LLC

7

DEBEVOISE & PLIMPTON LLP

By: _____
Joseph P. Moodhe
David W. Rivkin
Nwamaka G. Ejebe
919 Third Avenue
New York, NY 10022
(212) 909-6000

Co-counsel for CIMC Raffles Offshore
(Singapore) Pte. Ltd. and Yantai CIMC Raffles
Offshore Ltd.

Co-Counsel:
SCHULMAN BLACKWELL LLP
Dan J. Schulman
Deric Gerlach
11 Broadway, Suite 615
New York, NY 10004
(646) 688-5214

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, NY
         August 2d 2013

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>Petitioners,<br><br>v.<br><br>SCHAHIN HOLDING S.A, SCHAHIN ENGENHARIA S.A., SEA BISCUIT INTERNATIONAL INC, BLACK GOLD DRILLING LLC, BAERFILED DRILLING LLC AND SORATU DRILLING LLC,<br>Respondents. | 13 Civ. 0052 (JSR)<br>ECF Case<br><br>Non-Disclosure<br>Agreement |
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>Petitioners,<br><br>v.<br><br>BAERFIELD DRILLING LLC,<br><br>Respondent. | 13 Civ. 4932 (JSR)<br>ECF Case |
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>Petitioners,<br><br>v.<br><br>SORATU DRILLING LLC,<br><br>Respondent. | 13 Civ. 4933 (JSR)<br>ECF Case |

I, _____, acknowledge that I have read and understand the Protective Order in these actions governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of these litigations and that at the conclusion of these litigations I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

_____